PARSONS BEHLE & LATIMER
Ashley C. Nikkel, Nevada Bar No. 12838
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone:  775.323.1601
Facsimile:  775.348.7250
ANikkel@parsonsbehle.com

ZEIGER, TIGGES & LITTLE LLP
Christopher J. Hogan, *pro hac vice application forthcoming*
41 S. High Street, Suite 3500
Columbus, Ohio 43215
Telephone: 614.324.5078
Facsimile: 614.365.7900
hogan@litohio.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NETJETS SALES, INC., a Delaware corporation; NETJETS AVIATION, INC., a Delaware corporation; NETJETS SERVICES, INC., a Delaware corporation authorized to do business in the State of Nevada,<br><br>Plaintiffs,<br><br>vs.<br><br>26 NORTH AVIATION INCORPORATED dba SKYSTREAM JET, a Florida corporation; DOE INDIVIDUALS 1-20; ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>Defendants. | Case No. _____ |

## COMPLAINT

Plaintiffs NetJets Sales, Inc. ("NetJets Sales"), NetJets Aviation, Inc. ("NetJets Aviation") and NetJets Services, Inc. ("NetJets Services") (collectively, "NetJets" or "Plaintiffs"), by and through their undersigned counsel, for their complaint against Defendant 26 North Aviation

PARSONS
BEHLE &
LATIMER

4882-8107-4798

1

Incorporated dba SkyStream Jet ("Skystream" or "Defendant"), and Doe Individuals 1-20, and Roe Business Entities 1-20 hereby allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. Each Plaintiff is a corporation organized under the laws of the State of Delaware with a principal place of business in Columbus, Ohio.

2. Defendant is a corporation organized under the laws of the State of Florida with, upon information and belief, a principal place of business and/or headquarters in the State of Pennsylvania.

3. The true names and capacities of defendants named herein as Doe Individuals 1-20, inclusive, and each of them, and Roe Business Entities 1-20, inclusive (collectively "Does/Roes"), are presently unknown to Plaintiffs and therefore they are sued under fictitious names. Based on Plaintiffs' information and belief, the Does/Roes are not citizens of the Plaintiffs' states.

4. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.

5. Defendant is subject to personal jurisdiction because it purposefully directed its activities in and toward the State and District of Nevada, NetJets' claim arises out of Defendant's forum-related activities, and the exercise of jurisdiction comports with fair play and substantial justice.

6. Pursuant to 28 U.S.C. § 1391, venue is proper before this Court because Skystream's negligent actions and/or omissions giving rise to this action and Plaintiffs' injury occurred in this District at the North Las Vegas Airport ("KVGT") in North Las Vegas, Clark County, Nevada.

## FACTUAL ALLEGATIONS

7. Plaintiffs operate a fractional aircraft program (the "NetJets Program").

8. Participants in the NetJets Program purchase or lease interests in aircraft from Plaintiff NetJets Sales. The purchaser or lessee is then entitled to a certain amount of flight time per year depending on the size of the interest.

9. Plaintiff NetJets Aviation provides aircraft management and support services for NetJets Program participants. These management services include flight planning, dispatch, provision of crewmembers, and aircraft repairs and maintenance.

10. When an aircraft in the NetJets Program is out of service for repairs, NetJets Aviation will often incur expenses because it must subcontract flights that would have been taken on the out-of-service aircraft from another provider of private aviation services at a higher cost.

11. Plaintiff NetJets Services provides administrative services for the NetJets Program and its participants.

12. On or about July 9, 2021, NetJets Sales had an approximately six-and-one-quarter (6.25%) ownership interest in a Citation Latitude aircraft, FAA Registration No. N633QS (the "Latitude"), which is in the NetJets Program fleet. The remaining 93.75% was owned by third-party participants in the NetJets Program, to which NetJets Aviation had a contractual obligation to, among other things, manage and maintain the Latitude in good operating condition, in good cosmetic appearance, and in such condition as necessary to obtain and hold a certificate of airworthiness.

13. On July 9, 2021, at or about 8:45 p.m., the Latitude landed at the KVGT fixed based operator ("FBO").

14. The pilots, employed by NetJets Aviation, parked the Latitude on the main transient jet parking ramp of the FBO, shut down the aircraft, completed their post-flight inspection, and left for the night.

15. Said pilots did not notice any damage to the Latitude during their post-flight inspection.

16. The KVGT FBO then closed for the night at 10:30 p.m.

17. Approximately five minutes later, at or about 10:35 p.m., a Bombardier BD-700-1A10 Global Express, FAA Registration No. N82EM (the "Global Express"), operated by Defendant Skystream, landed at KVGT.

18. Because it landed after-hours, there was no one available from the FBO to assist the pilots in parking the Global Express.

19. At approximately 10:37 p.m., the Global Express operated and/or piloted by Skystream parked directly behind the Latitude so that its tail engines were facing the Latitude's tail engines.

20. In the process of so parking, the Global Express exerted an excessive, unreasonable, and unsafe amount of engine force given its proximity to the Latitude.

21. As a result of Skystream's exertion of excessive engine force, the Latitude suffered a jet blast from the Global Express that caused physical damage to the Latitude.

22. The jet blast was caught on video, which has been reviewed by Plaintiffs.

## COUNT ONE:
## NEGLIGENCE

23. Plaintiffs reallege and incorporate the foregoing paragraphs as if fully rewritten herein.

24. Skystream and/or Does/Roes have, and had on July 9, 2021, a duty to exercise reasonable care in their dealings with third parties, including Plaintiffs, with whom they share airport facilities.

25. Skystream and/or Does/Roes breached their duty when one or more if their employees, agents, or representatives, acting within the scope of their employment, agency, or representation, while attempting to park the Global Express as described above, exerted excessive engine force and "jet blasted" the Latitude causing physical damage to the Latitude.

26. Accordingly, Skystream and/or Does/Roes were negligent.

27. Skystream's and/or Does'/Roes' negligence directly and proximately caused Plaintiffs to incur more than $1.2 million in damages, specifically, at least $234,333.25 to repair

the Latitude and $985,979.00 due to the loss of use of the Latitude while it was damaged and being repaired.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A. An award of compensatory damages against Defendants Skystream Jet and/or Does/Roes in an amount to be determined at trial but not less than $1,220,312.25;

B. Pre-judgment and post-judgment interest; and

C. An award of Plaintiffs' attorneys' fees, costs, and litigation expenses and such other relief against Defendants as the Court deems just and proper.

DATED: July 7, 2023.              PARSONS BEHLE & LATIMER

                                               /s/ Ashley C. Nikkel
Ashley C. Nikkel, Nevada Bar No. 12838
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: 775.323.1601
Facsimile: 775.348.7250
ANikkel@parsonsbehle.com

Christopher J. Hogan, *phv application forthcoming*
ZEIGER, TIGGES & LITTLE LLP
41 S. High Street, Suite 3500
Columbus, Ohio 43215
Telephone: 614.324.5078
Facsimile: 614.365.7900
hogan@litohio.com

*Attorneys for Plaintiffs*

PARSONS
BEHLE &
LATIMER

5

4882-8107-4798